UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND, CHICAGO AND NORTHEAST ILLINOIS REGIONAL COUNCIL OF CARPENTERS APPRENTICE AND TRAINING PROGRAM and LABOR/MANAGEMENT UNION CARPENTRY COOPERATION PROMOTION FUND, <br><br>               Plaintiffs,<br>v.<br><br>GREAT LAKES CEMENT, LLC, an Illinois limited liability company and GRAFF CONCRETE, INC., an Illinois corporation,<br><br>               Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

Plaintiffs, the CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND ("PENSION FUND"), the CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND ("WELFARE FUND"), the CHICAGO AND NORTHEAST ILLINOIS REGIONAL COUNCIL OF CARPENTERS APPRENTICE AND TRAINEE PROGRAM ("TRAINEE FUND"), and the LABOR/MANAGEMENT UNION CARPENTRY COOPERATION PROMOTION FUND ("LABOR/MANAGEMENT FUND") (hereinafter collectively the "Trust Funds"), and their respective trustees, by their attorney, Kevin P. McJessy, complain of defendants GREAT LAKES CEMENT, LLC, an Illinois limited liability company ("GLC") and GRAFF CONCRETE, INC., an Illinois corporation ("GRAFF") (GLC and GRAFF are hereinafter collectively referred to as "Defendants") as follows:

**SUMMARY**

1.     Trust Funds bring this action against the Defendants under ERISA because Defendants breached the provisions of the Agreement, the Trust Agreements and the Area Agreements by failing to produce records sufficient to allow Legacy Professionals, LLP ("Legacy Professionals"), the auditors engaged by the Trust Funds, to determine whether Defendants have fully complied with their obligation to pay fringe benefit contributions to the Trust Funds for the period April 1, 2015 to December 31, 2015 ("Audit Period") and by failing to pay amounts owed to the Trust Funds based upon the hours worked by employees and/or subcontractors performing work within the jurisdiction of the UNION during the Audit Period. Defendants are liable for unpaid fringe benefit contributions, interest, liquidated damages, auditors' fees and attorneys' fees and costs.

**JURISDICTION AND VENUE**

2.     This Court has jurisdiction over this matter based on questions arising under Section 502 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") and Section 301 of the Taft-Hartley Act. (29 U.S.C. §§1132 and 185). Venue is proper in the Northern District of Illinois, Eastern Division because the Trust Funds are multi-employer employee benefit plans, which are located in and administered in Chicago, Illinois.

**PLAINTIFFS**

3.     The Trust Funds receive contributions from numerous employers pursuant to Area Agreements between the employers and the Chicago Regional Council of Carpenters (the "UNION"), and therefore, are multi-employer plans. *See* 29 U.S.C. §1002. The Trust Funds collect contributions on their own behalf and on behalf of related funds which have charged the Trust Funds with the obligation to collect contributions.

4. The Trust Funds provide medical, pension and other benefits to UNION carpenters and other persons pursuant to certain terms and conditions.

**DEFENDANTS**

5. GLC is an employer engaged in an industry affecting commerce which entered into a Memorandum of Agreement ("Agreement") effective April 1, 2015 whereby it agreed to be bound (i) by the provisions of an Area Agreement and subsequent Area Agreements, (ii) by the trust agreements establishing each of the Trust Funds to which GLC is obligated to make payments under the Area Agreement ("Trust Agreements"), and (iii) by the rules and regulations adopted by the Trust Funds. A copy of the Agreement is attached as Exhibit A. The Agreement was signed on behalf of GLC by "Justin Graff VP/Partner."

6. GRAFF is an employer engaged in an industry affecting commerce. GRAFF is bound (i) by the provisions of an Area Agreement and subsequent Area Agreements, (ii) by the Trust Agreements establishing the Trust Funds, and (iii) by the rules and regulations adopted by the Trust Funds. GRAFF is bound by the aforementioned agreements either (i) pursuant to the alter-ego doctrine, (ii) pursuant to the single-employer doctrine, (iii) pursuant to express agreement because GRAFF signed and submitted Combined Fringe Funds and Dues Checkoff Reports whereby it certified it was bound by the collective bargaining agreement with the UNION along with the Trust Agreements establishing the Trust Funds, and/or (iv) by its conduct.

**GENERAL ALLEGATIONS**

7. GLC and GRAFF have common owners and officers. Matt McCullough and Justin Graff were both officers and owners of GLC. Matt McCullough was an owner and

president of GRAFF. On information and belief, Justin Graff was an owner and officer of GRAFF.

8. GLC and GRAFF have operated from a common location. Both GLC and GRAFF have done business from 443 East 32nd Street in Steger, Illinois.

9. GLC and GRAFF have comingled funds. Legacy Professionals noted payments totaling in excess of $715,000.00 from GLC to GRAFF and payments totaling in excess of $49,000.00 from GRAFF to GLC.

10. GLC and GRAFF have common business purposes. GLC and GRAFF are both concrete companies.

11. GLC and GRAFF have had common employees.

12. GRAFF submitted an Affidavit of Name Change to the UNION acknowledging that GRAFF and GLC are related companies.

13. In April 2015 and May 2015, GRAFF submitted Combined Fringe Benefit Funds and Dues Checkoff Report along with a corresponding payment for fringe benefit contributions to the Trust Funds.

14. The Combined Fringe Benefit Funds and Dues Checkoff Report for April 2015 lists "Graff Concrete" as the "Firm Name" for the party submitting the report. The Combined Fringe Benefit Funds and Dues Checkoff Report for May 2015 lists "Graff Concrete/Great Lakes Cement" jointly as the "Firm Name" for the party submitting the report.

15. The Combined Fringe Benefit Funds and Dues Checkoff Reports submitted by GRAFF state:

> We certify the above is a true and correct report of the actual hours worked by foreman, journeyman, and apprentice carpenters and does NOT include hours worked by any self-employed persons, partners or proprietors of the firm. We hereby agree to be bound by and ratify, confirm, and adopt all of the provisions of

the Area Collective Bargaining Agreement and the Agreements and Declarations of Trust under which the Chicago District Council of Carpenters Fringe Benefit Funds are maintained. We agree to keep and maintain contemporaneous time records reporting the hours being reported herein.

16. The business transactions and operations of GLC and GRAFF are and have been interrelated and intermingled. GLC and GRAFF are set up to provide a means for avoiding payment of fringe benefit contributions to the Trust Funds for employees and/or subcontractors.

17. GRAFF is bound to the terms of the Area Agreement and the Trust Agreements establishing the Trust Funds by express agreement because GRAFF signed and submitted the Combined Fringe Benefit Funds and Dues Checkoff Reports stating in part that GRAFF agrees "to be bound by and ratify, confirm, and adopt all of the provisions of the Area Collective Bargaining Agreement and the Agreements and Declarations of Trust under which the Chicago District Council of Carpenters Fringe Benefit Funds are maintained."

18. GRAFF is bound to the terms of the Area Agreement and the Trust Agreements establishing the Trust Funds by its conduct showing that it has agreed to be bound by those agreements.

19. GRAFF is bound to the terms of the Area Agreement as the alter ego of GLC and/or under a single or joint employer theory. As such, Trust Funds are entitled to compliance from GRAFF pursuant to the terms of the Area Agreement and Trust Agreements.

20. The Agreement and the Area Agreement bind the Defendants to the provisions of the Trust Agreements which establish the Trust Funds and to the rules and regulations adopted by the Trust Funds. The Agreement, the Area Agreement, the Trust Agreements and the rules and regulations adopted by the Trust Funds are hereinafter referred to as the "Agreements."

21. The Agreements require GLC and GRAFF to pay fringe benefits to the Trust Funds. The Agreements require GLC and GRAFF to contribute to the Trust Funds for each hour

5

worked by GLC's and GRAFF's carpenter employees at the rate and in the manner specified in the Area Agreements and the Trust Agreements. The Agreements require GLC and GRAFF to contribute to the Trust Funds according to the hours worked by subcontractors performing bargaining unit work within the jurisdiction of the UNION which have not signed an Area Agreement with the UNION.

22. The Agreements and ERISA, *see* 29 U.S.C. §1059, require GLC and GRAFF to maintain and to produce such books and records as are necessary for the Trust Funds or their designee—in this case Legacy Professionals—to determine whether Defendants have accurately reported and paid fringe benefit contributions to the Trust Funds.

23. Legacy Professionals attempted to complete a review of the fringe benefit contributions paid by Defendants for the Audit Period to ensure that Defendants have fully complied with their obligation to report and to pay fringe benefit contributions to the Trust Funds. Despite repeated demands by Legacy Professionals and the Trust Funds for Defendants to produce necessary books and records, Defendants failed and/or refused to provide the books and records necessary for Legacy Professionals to determine whether Defendants have fully complied with their obligation to pay fringe benefit contributions to the Trust Funds for the Audit Period.

## COUNT I

24. The PENSION FUND hereby incorporates paragraphs 1 - 23 above as though fully set forth herein.

25. GLC and GRAFF breached the provisions of the Agreements by failing to produce books and records sufficient to allow auditors engaged by the PENSION FUND to determine whether Defendants have complied with their obligations to contribute to the

6

PENSION FUND and/or by failing to pay amounts owed to the PENSION FUND based upon the hours worked by employees and/or subcontractors.

26. The Agreements require GLC and GRAFF to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the PENSION FUND incurs in the collection process.

27. The PENSION FUND has complied with all conditions precedent in bringing this suit.

28. The PENSION FUND has been required to employ the undersigned attorneys to collect the amounts that GLC and GRAFF owe the PENSION FUND.

29. GLC and GRAFF must pay attorneys' fees and court costs that the PENSION FUND incurs in this matter pursuant to 29 U.S.C. §1132 (g)(2)(D).

30. This Court should award the PENSION FUND interest on the amount that is due pursuant to 29 U.S.C. §1132(g)(2)(B).

31. This Court should award the PENSION FUND, pursuant to 29 U.S.C. §1132(g)(2)(C), an amount equal to the greater of:

    (a) interest on the unpaid contributions; or

    (b) liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

WHEREFORE, the PENSION FUND prays for judgment in their favor which orders Defendants:

    A. to produce books and records as required by Legacy Professionals, LLP, the auditors engaged by the Trust Funds to conduct an audit, to determine whether Defendants owe fringe benefit contributions to the Trust Funds;

    B. to pay any and all contribution amounts the Defendants owe the PENSION FUND or which the PENSION FUND is responsible for collecting or authorized to collect under the Agreements;

C. to pay interest on the amount that is due;

D. to pay interest or liquidated damages on the amount that is due;

E. to pay the reasonable attorneys' fees and costs the PENSION FUND incurred in this action;

F. to pay auditors' fees incurred to establish the amount due; and

G. to award the PENSION FUND such other and further relief as the Court deems just and equitable.

## COUNT II

32. The WELFARE FUND hereby incorporates paragraphs 1- 23 above as though fully set forth herein.

33. GLC and GRAFF breached the provisions of the Agreements by failing to produce books and records sufficient to allow auditors engaged by the WELFARE FUND to determine whether Defendants have complied with their obligations to contribute to the WELFARE FUND and/or by failing to pay amounts owed to the WELFARE FUND based upon the hours worked by employees and/or subcontractors.

34. The Agreements require GLC and GRAFF to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the WELFARE FUND incurs in the collection process.

35. The WELFARE FUND has complied with all conditions precedent in bringing this suit.

36. The WELFARE FUND has been required to employ the undersigned attorneys to collect the amounts that GLC and GRAFF owe the WELFARE FUND.

37. GLC and GRAFF must pay attorneys' fees and court costs that the WELFARE FUND incurs in this matter pursuant to 29 U.S.C. §1132 (g)(2)(D).

38. This Court should award the WELFARE FUND interest on the amount that is due pursuant to 29 U.S.C. §1132(g)(2)(B).

39. This Court should award the WELFARE FUND, pursuant to 29 U.S.C. §1132(g)(2)(C), an amount equal to the greater of:

    (a)    interest on the unpaid contributions; or

    (b)    liquidated damages provided for under the TRUST AGREEMENTS not in excess of 20% of the amount that is due.

WHEREFORE, the WELFARE FUND prays for judgment in their favor which orders Defendants:

    A.    to produce books and records as required by Legacy Professionals, LLP, the auditors engaged by the Trust Funds to conduct an audit, to determine whether Defendants owe fringe benefit contributions to the Trust Funds;

    B.    to pay any and all contribution amounts the Defendants owe the WELFARE FUND or which the WELFARE FUND is responsible for collecting or authorized to collect under the Agreements;

    C.    to pay interest on the amount that is due;

    D.    to pay interest or liquidated damages on the amount that is due;

    E.    to pay the reasonable attorneys' fees and costs the WELFARE FUND incurred in this action;

    F.    to pay auditors' fees incurred to establish the amount due; and

    G.    to award the WELFARE FUND such other and further relief as the Court deems just and equitable.

## COUNT III

40. The TRAINEE FUND hereby incorporates paragraphs 1- 23 above as though fully set forth herein.

41. GLC and GRAFF breached the provisions of the Agreements by failing to produce books and records sufficient to allow auditors engaged by the TRAINEE FUND to determine whether Defendants have complied with their obligations to contribute to the

9

TRAINEE FUND and/or by failing to pay amounts owed to the TRAINEE FUND based upon the hours worked by employees and/or subcontractors.

42. The Agreements require GLC and GRAFF to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the TRAINEE FUND incurs in the collection process.

43. The TRAINEE FUND has complied with all conditions precedent in bringing this suit.

44. The TRAINEE FUND has been required to employ the undersigned attorneys to collect the amounts that GLC and GRAFF owe the TRAINEE FUND.

45. GLC and GRAFF must pay attorneys' fees and court costs that the TRAINEE FUND incurs in this matter pursuant to 29 U.S.C. §1132 (g)(2)(D).

46. This Court should award the TRAINEE FUND interest on the amount that is due pursuant to 29 U.S.C. §1132(g)(2)(B).

47. This Court should award the TRAINEE FUND, pursuant to 29 U.S.C. §1132(g)(2)(C), an amount equal to the greater of:

    (a)    interest on the unpaid contributions; or

    (b)    liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

WHEREFORE, the TRAINEE FUND prays for judgment in their favor which orders Defendants:

    A.    to produce books and records as required by Legacy Professionals, LLP, the auditors engaged by the Trust Funds to conduct an audit, to determine whether Defendants owe fringe benefit contributions to the Trust Funds;

    B.    to pay any and all contribution amounts the Defendants owe the TRAINEE FUND or which the TRAINEE FUND is responsible for collecting or authorized to collect under the Agreements;

  C. to pay interest on the amount that is due;

  D. to pay interest or liquidated damages on the amount that is due;

  E. to pay the reasonable attorneys' fees and costs the TRAINEE FUND incurred in this action; and

  F. to pay auditors' fees incurred to establish the amount due; and

  G. to award the TRAINEE FUND such other and further relief as the Court deems just and equitable.

## COUNT IV

48. The LABOR/MANAGEMENT FUND hereby incorporates paragraphs 1 - 23 above as though fully set forth herein.

49. GLC and GRAFF breached the provisions of the Agreements by failing to produce books and records sufficient to allow auditors engaged by the LABOR/MANAGEMENT FUND to determine whether Defendants have complied with their obligations to contribute to the LABOR/MANAGEMENT FUND and/or by failing to pay amounts owed to the LABOR/MANAGEMENT FUND based upon the hours worked by employees and/or subcontractors.

50. The Agreements require GLC and GRAFF to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the LABOR/MANAGEMENT FUND incurs in the collection process.

51. The LABOR/MANAGEMENT FUND has complied with all conditions precedent in bringing this suit.

52. The LABOR/MANAGEMENT FUND has been required to employ the undersigned attorneys to collect the amounts that GLC and GRAFF owe the LABOR/MANAGEMENT FUND.

53. GLC and GRAFF must pay attorneys' fees and court costs that the LABOR/MANAGEMENT FUND incurs in this matter pursuant to 29 U.S.C. §1132 (g)(2)(D).

54. This Court should award the LABOR/MANAGEMENT FUND interest on the amount that is due pursuant to 29 U.S.C. §1132(g)(2)(B).

55. This Court should award the LABOR/MANAGEMENT FUND, pursuant to 29 U.S.C. §1132(g)(2)(C), an amount equal to the greater of:

(a) interest on the unpaid contributions; or

(b) liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

WHEREFORE, the LABOR/MANAGEMENT FUND prays for judgment in their favor which orders Defendants:

A. to produce books and records as required by Legacy Professionals, LLP, the auditors engaged by the Trust Funds to conduct an audit, to determine whether Defendants owe fringe benefit contributions to the Trust Funds;

B. to pay any and all contribution amounts the Defendants owe the LABOR/MANAGEMENT FUND or which the LABOR/MANAGEMENT FUND is responsible for collecting or authorized to collect under the Agreements;

C. to pay interest on the amount that is due;

D. to pay interest or liquidated damages on the amount that is due;

E. to pay the reasonable attorneys' fees and costs the LABOR/MANAGEMENT FUND incurred in this action; and

F. to pay auditors' fees incurred to establish the amount due; and

G. to award the LABOR/MANAGEMENT FUND such other and further relief as the Court deems just and equitable.

                              CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, et al.

                              By: ___s/ Kevin P. McJessy_____
                                     One of Their Attorneys

Kevin P. McJessy
MCJESSY, CHING & THOMPSON, LLC
3759 North Ravenswood, Suite 231
Chicago, Illinois 60613
(773) 880-1260 (telephone)
(773) 880-1265 (facsimile)
mcjessy@MCandT.com

# Exhibit A

# *Memorandum of Agreement*

**Employer** GREAT LAKES CEMENT, LLC        **Address:** 443 E. 32ND STREET
**City** STEGER        **State** IL    **Zip** 60475        **PHONE** 815-955-1336

    THIS AGREEMENT is entered into between the Chicago Regional Council of Carpenters ("Union") and the Employer, including its successors and assigns covering the geographic jurisdiction of the Union including the following counties in Illinois: Boone, Bureau, Carroll, Cook, De Kalb, DuPage, Grundy, Henderson, Henry, Iroquois, Jo Daviess, Kane, Kankakee, Kendall, Lake, La Salle, Lee, Marshall, McHenry, Mercer, Ogle, Putnam, Rock Island, Stark, Stephenson, Whiteside, Will, Winnebago. The following counties in Iowa: Allamakee, Appanoose, Benton, Black Hawk, Bremer, Buchanan, Butler, Cedar, Cerro Gordo, Chickasaw, Clayton, Clinton, Davis, Delaware, Des Moines, Dubuque, Fayette, Floyd, Franklin, Grundy, Hancock, Henry, Howard, Iowa, Jackson, Jefferson, Johnson, Jones, Keokuk, Kossuth, Lee, Linn, Louisa, Mahaska, Mitchell, Monroe, Muscatine, Scott, Tama, Van Buren, Wapello, Washington, Wayne, Winnebago, Winneshiek, Worth, Wright. The following counties in Wisconsin: Kenosha, Milwaukee, Ozaukee, Racine, Washington and Waukesha. The Union and the Employer do hereby agree to the following:

    1. The Employer recognizes the Union as the sole and exclusive bargaining representative on behalf of its employees who are working within the territorial and occupational jurisdiction of the Union.

    2. The Employer has reviewed sufficient evidence and is satisfied that the Union is the exclusive bargaining representative of a majority of its employees presently working within the territorial and occupational jurisdiction of the Union.

    3. The Employer and the Union agree to incorporate into this Memorandum Agreement and to be bound by the Agreements negotiated between the Chicago Regional Council of Carpenters and various employers and employer associations, including all Area Agreements for the period beginning with the execution of this Memorandum Agreement and ending on the expiration dates of any current and successor Agreements which are incorporated herein (see attached list). Unless the Employer provides written notice by certified mail to the Chicago Regional Council of its desire to terminate or modify the Agreement at least three (3) calendar months prior to the expiration of such Agreements, the Agreement shall continue in full force and effect through the full term and duration of all subsequent Agreements which are incorporated by reference.

    4. The Employer agrees to be bound to the terms of the various Trust Agreements to which contributions are required to be made under the Agreements incorporated in Paragraph 3, including all rules and regulations adopted by the Trustees of each Fund.

In Witness Whereof the parties have executed this Memorandum of Agreement on this **1st** day of **April, 2015.**

| EMPLOYER | CHICAGO REGIONAL COUNCIL OF CARPENTERS |
|---|---|
| *[signature]* | *[signature]* |
| Justin Graff    VP/Partner | Authorized Regional Council |
| Print Name and Title | Representative |

Agreements

(Central Region)

Mid American Regional Bargaining Association, Cook, Lake and DuPage
Mid American Regional Bargaining Association, Kane, Kendall and McHenry
Mid American Regional Bargaining Association, Will
Kankakee Contractors Association
Residential Construction Employers Council, Cook, Lake and DuPage
Residential Construction Employers Council, Will
Residential Construction Employers Council, Grundy
Woodworkers Association of Chicago (Mill-Cabinet)
Contractors Association of Will and Grundy Counties
Gypsum Drywall Contractors of Northern Illinois/Chicagoland Association of Wall and Ceiling Contractors

(Western Region)

Illinois

Quad City Builders Association, Commercial, Rock Island Mercer, Henry and Henderson
Floor Covering, Rock Island, Mercer, Henry and Henderson
Residential, Henry, Mercer and Henderson
Illinois Valley Contractors' Association, Bureau, LaSalle, Marshall, Putnam and Stark
Window and Door, Boone, Bureau, Carroll, DeKalb, Henderson, Henry, Jo Daviess, LaSalle, Marshall, Mercer, Ogle, Putnam, Rock Island, Stark, Stephenson, Whiteside and Winnebago
Commercial/Residential, DeKalb, Eastern Ogle and cities in Sandwhich and Somonauk
Residential Construction Employers' Council, DeKalb, Eastern Ogle and cities in Sandwich and Somonauk
Residential Construction Employers' Council, Boone, Carroll, Jo Daviess, Lee, Ogle, Stephenson, Whiteside and Winnebago
Northern Illinois Building Contractors Association Inc., Boone, Carroll, Jo Davies, Lee, Ogle, Stephenson, Whiteside and Winnebago
Floor Covering, Boone, Carroll, DeKalb, Jo Daviess, Lee, Lee, Ogle, Stephenson, Whiteside and Winnebago
Millwright, Boone, Bureau, Carroll, DeKalb, Henderson, Jo Davies, LaSalle, Lee, Marshall, Mercer, Ogle, Putnam, Rock Island, Stark, Stephenson, Whiteside, and Winnebago
Associated General Contractors of Illinois (Heavy and Highway) Highway Districts 2-7 and portions of 1 and 8

Iowa

Commercial, Muscatine, Scott, Louisa north of Iowa River
Floorcovering, Louisa north of Iowa River, Muscatine and Scott
Residential, Clinton, Louisa, Muscatine, Scott and Seven southern most townships of Jackson County including Monmouth, South Fork, Maquoketa, Fairfield, Van Buren, Iowa and Union
Heavy and Highway Associated Contractors Agreement Scott County
Herberger Construction Heavy and Highway
Heavy and Highway Contractors' Association- entire State except Scott County
Commercial Benton, Jones, Linn and Tama
Residential Benton, Jones, Linn and Tama
Commercial, Des Moines, Henry, Lee and Louisa south of Iowa River
Residential, Des Moines, Henry, Lee and Louisa south of Iowa River

Commercial/Residential Dubuque, Delaware, Clayton, and Six Northern Townships in Jackson
Commercial/Residential, Appanoose, Davis, Jefferson, Keokuk, Mahaska, Monroe, Van Buren, Wapello, and Wayne
Commercial, Clinton, Seven Southern most townships of Jackson including Monmouth, South Fork, Maquoketa, Fairfield, Van Buren, Iowa, and Union
Floor Covering, Dubuque, Delaware, Clayton, and six Northern Townships in Jackson Window and Door, State
Commercial, Cedar, Iowa, Johnson, Poweshiek and Washington
Commercial Interior Systems, Cedar, Iowa, Johnson, Poweshiek and Washington
Residential, Cedar, Iowa, Johnson, Poweshiek and Washington
Commercial, Cerro Gordo, Franklin, Hancock, Kossuth, Winnebago, Worth and Wright, Buchanan, Independent Contractors of Waterloo (Commercial) Butler, Chickasaw, Fayette, Floyd, Grundy, Howard, Mitchell, Winneshiek
Millwright, Adair, Allamakee, Appanoose, Benton, Black Hawk, Boone, Bremer, Buchanan, Butler, Cedar, Calhoun, Carroll, Cerro Gordo, Chickasaw, Clayton, Clarke, Clinton, Dallas, Davis, Decatur, Delaware, Des Moines, Dubuque, Emmet, Fayette, Floyd, Franklin, Greene, Grundy, Guthrie, Hamilton, Hancock, Hardin, Henry, Howard, Humboldt, Iowa, Jackson, Jasper, Jefferson, Johnson, Jones, Keokuk, Lee, Linn, Lucas, Louisa, Madison, Mahaska, Marion, Marshall, Mitchell, Monroe, Muscatine, Palo Alto, Pocahontas, Polk, Poweshiek, Ringhold, Scott, Story, Tama, Union, Van Buren, Warren, Wapello, Washington, Wayne, Webster, Winnebago, Winneshiek, Worth, Wright


(Northern Region)


Commercial Carpenters and Floor Coverers' Agreement (Wisconsin)
Commercial Carpenters Agreement, Kenosha/Racine
Millwright Erectors' Agreement
Pile Drivers' Agreement
Insulators Agreement
Overhead Door Agreement

The Employers Acknowledges receipt of a current copy of each agreement under which the company will be performing work. Each of the agreements are available upon request

It is also understood and agreed that it is the Employers obligation to make a written request of additional Collective Bargaining Agreement(s) in the event that the Company performs work in areas for which it has not already obtained a copy of the applicable Agreement.

_J. G._
Employer

Date 7-22-15